BARBARA ANN BLOESE, Plaintiff-Appellant, v. BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT NO. 300 COUNTY OF KANE, Defendant-Appellee.

Second District No. 2—84—0866

Opinion filed November 20, 1985.

Kevin W. Bloese, of Vescelus & Powell, of Wheaton, for appellant.

R. Terence Kalina, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Barbara Ann Bloese, appeals from an order of the circuit court of Kane County granting the summary judgment motion of defendant, Board of Education of Community Unit School District No. 300. The only error asserted by plaintiff is that the trial court incorrectly concluded as a matter of law that the defendant was not subject to a statutory obligation to provide plaintiff with a converted insurance policy upon the termination of her employment. Because we conclude the trial court did err as a matter of law, but that questions of fact remain unresolved, we reverse the order entering judgment in favor of the defendant and remand for further proceedings.

Plaintiff was employed by defendant as a school teacher from February 1969 until August 25, 1983. During plaintiff's employment, defendant adopted on April 1, 1981, an employee benefit plan (the plan) providing group health insurance protection for defendant's employees. After her resignation, plaintiff requested that defendant provide a conversion from the plan's benefits to an individual health care policy. Defendant informed plaintiff it had no obligation to provide a converted policy, and thereafter, plaintiff filed this *mandamus* action. After each party filed a motion for summary judgment, the trial court granted defendant's motion, finding that the provisions of the Employee Retirement Income Security Act of 1974 (29 U.S.C. sec. 1001 *et seq.* (1982).) (ERISA) did not govern the plan, that the School Code of 1961 (Ill. Rev. Stat. 1983, ch. 122, par. 1—1 *et seq.*) did not require the defendant to provide plaintiff with a converted policy and that the trial court had no duty or right to compel defendant to provide insurance coverage to plaintiff.

The plaintiff challenges the entry of summary judgment in favor of defendant not on the basis that material issues of fact exist, but rather by asserting only that the trial court misconstrued the relevant statutes. In considering a summary judgment motion, a trial court must construe the pleadings, depositions, and affidavits most strictly against the moving party and most liberally in favor of the opponent. (*Wysocki v. Bedrosian* (1984), 124 Ill. App. 3d 158.) Summary judgment should be granted only when the moving party's entitlement to such relief is clear and free from doubt. (*Estate of Kern v. Handelsman* (1983), 115 Ill. App. 3d 789, 793.) On appeal from an order

granting a summary judgment motion, a reviewing court will reverse the order if it determines issues of material fact exist. Absent issues of material fact, the court will reverse the order granting a party's summary judgment motion if the moving party is not entitled to judgment as a matter of law. (*Wysocki v. Bedrosian* (1984), 124 Ill. App. 3d 158, 164.

The initial question of law which is raised by this appeal is the correct interpretation of section 10—22.3a of the School Code. (Ill. Rev. Stat. 1983, ch. 122, par. 10—22.3a.) That section empowers defendant:

> "To provide for or to participate in provisions for insurance protection and benefits for its employees and their dependents including but not limited to retirement annuities, medical, surgical and hospitalization benefits in such types and amounts, if any, as shall be determined by the board, for the purpose of aiding in securing and retaining the services of competent employees. Where employee participation in such provisions is involved, the board, with the consent of the employee, may withhold deductions from the employee's salary necessary to defray the employee's share of such insurance costs. Such insurance or benefits may be contracted for only with an insurance company authorized to do business in this state, or any non-profit hospital service corporation organized under the non-profit Hospital Service Plan Act or incorporated under the Medical Service Plan Act. Such insurance may include provisions for employees and their dependents who rely on treatment by prayer or spiritual means alone for healing, in accordance with the tenets and practice of a recognized religious denomination." Ill. Rev. Stat. 1983, ch. 122, par. 10—22.3a.

Plaintiff construes the first sentence of section 10—22.3a as empowering defendant with the discretion to provide or not provide insurance benefits for its employees. Once defendant makes the decision to provide insurance benefits, however, plaintiff interprets the third sentence of section 10—22.3a as restricting defendant to providing insurance through one of the three prescribed options listed in that sentence. Because a self-funded plan is not one of the enumerated options, plaintiff asserts the plan was established by defendant without statutory authority.

While agreeing with plaintiff that the first sentence of section 10—22.3a is discretionary, defendant contends the third sentence is directory and not mandatory. We agree that the third sentence of section 10—22.3a does not provide the exclusive means by which defend-

ant can provide insurance benefits to its employees. Initially, we note that the section in question is described in the statute as a *power* (see Ill. Rev. Stat. 1983, ch. 122, pars. 10—22 through 10—23.10) and not as a *duty* of defendant (see Ill. Rev. Stat. 1983, ch. 122, pars. 10—20 through 10—21.8), thereby suggesting a directory and not a mandatory construction. Moreover, as emphasized by defendant, the use of the term *"may* be contracted for" also suggests a permissive and not a mandatory interpretation. (Emphasis added.) (See *People ex rel. Condon v. Commonwealth Edison Co.* (1978), 64 Ill. App. 3d 165, 168.) We also find significant the legislature's use of the term "contracted" in the third sentence. We read that sentence only as a limitation on the ways in which the defendant may *contract* for the provision of insurance. Such a reading in no way precludes the option of self-insurance which we interpret is not contracting for insurance. Our conclusion that contracting for insurance is not the exclusive means available to defendant to provide health insurance for its employees is supported by the initial language in section 10—22.3a which empowers the defendant *"[t]o provide for or to participate* in provisions for insurance." (Emphasis added.) Significantly, the legislature in the third sentence did not again use the term "provide" or "participate," but instead employed the term "contracted." In construing the statute, each provision and word should be given a reasonable meaning, and the statute in question will not be presumed to contain surplusage within its provisions. (*Illinois Racing Board v. Arlington Park Thoroughbred Race Track Corp.* (1979), 76 Ill. App. 3d 289, 294.) By employing the words "provide" and "participate" and not "contract" in the first sentence, therefore, the legislature must have intended to empower the defendant to offer insurance benefits to its employees in more ways than simply contracting for the benefits. Accordingly, we reject plaintiff's assertion that the third sentence enumerates the exclusive means of providing insurance. Instead, we read the section as authorizing defendant to provide or participate in provisions for insurance including self-insurance in addition to contracting for insurance. Only when defendant elects to contract for insurance do the limitations of the third sentence apply.

■ Acknowledging the possibility of the construction of section 10—22.3a which we have adopted, plaintiff argues the trial court erred because the Illinois Insurance Code of 1937 (Ill. Rev. Stat. 1983, ch. 73, par. 613 *et seq.*) governs defendant's self-funded plan and requires defendant to offer plaintiff a converted policy. We agree. Section 122—1 of the Illinois Insurance Code states a presumption that any person or entity which provides coverage for medical expenses is

subject to the jurisdiction of the Illinois Insurance Department. (Ill. Rev. Stat. 1983, ch. 73, par. 734—1.) To rebut this presumption, the person or entity must establish it is subject to the jurisdiction of another Illinois agency, an agency of another State, an agency of the Federal Government, or "is a plan of self-insurance or other employee welfare benefit program of an individual employer or labor union established or maintained under or pursuant to a collective bargaining agreement or other arrangement which provides for health care services solely for its employees or members and their dependents." (Ill. Rev. Stat. 1983, ch. 73, par. 734—1.) Absent proof that one of the above exceptions is applicable, the person or entity is subject to all appropriate provisions of the Illinois Insurance Code regarding the conduct of its business. Ill. Rev. Stat. 1983, ch. 73, par. 734.4.

At the hearing on the summary judgment motions, defendant attempted to bring itself within an exception of these statutory presumptions by asserting its plan was subject to the jurisdiction of the Federal Government through ERISA. In response, plaintiff argued and the trial court expressly found that "defendant's health insurance program does not fall within the provisions of ERISA." This finding was based upon section 4 of ERISA which excludes from its coverage any governmental plan (29 U.S.C. sec. 1003(b)(2) (1982)). Section 3(32) of ERISA defines a governmental plan as one maintained for its employees by any political subdivision, agency or instrumentality of a State. (29 U.S.C. sec. 1002(32) (1982).) This written finding of the trial court was not appealed by the defendant and thus, the correctness of that finding is not before this court.

Since the defendant has offered no other basis for excluding the plan from the Illinois Insurance Code, we conclude the plan is subject to the jurisdiction of the Illinois Department of Insurance and is governed by the appropriate provisions of the Illinois Insurance Code. Accordingly, we reverse the trial court's order granting defendant's motion for summary judgment.

■ We next examine whether plaintiff's motion for summary judgment was properly denied by the trial court. Plaintiff asserts entitlement to a converted policy based upon section 367e of the Illinois Insurance Code, which provides that a group medical policy shall allow an employee whose insurance has been terminated and who has been continuously insured under the group policy for three months prior to determination of the coverage to "have issued to him by the insurer a policy of health insurance (hereafter referred to as the converted policy), subject to the following conditions: ***." (Ill. Rev. Stat. 1983, ch. 73, par. 979e(A)(ii).) Following paragraph (A), section

367e contains several conditions. One of these conditions is that an insurer shall not be required to issue a converted policy to any person who is covered by another medical expense policy with similar benefits, is eligible for group coverage, or for whom similar benefits are provided as required by any statutes when such coverage together with the converted policy would result in overinsurance. Ill. Rev. Stat. 1983, ch. 73, pars. 979e(A)(6)(i), (ii), (iii).

In her petition for writ of *mandamus*, plaintiff alleged that she "has suffered actual damages in that she has been forced to incur medical expenses without the benefit of health insurance coverage and has been forced to retain the services of an attorney to enforce her rights." In paragraph 21 of its answer, defendant denied these allegations and demanded "strict proof thereof." This contested issue of fact was not resolved by the trial court. Since the statute requires proof that plaintiff did not have and was not eligible for similar insurance benefits if such coverage, together with the converted policy, would result in overinsurance, we must remand this cause to the trial court for consideration of this contested issue of fact.

■ We find it necessary to also address the plaintiff's contention that *mandamus* is an appropriate remedy in the case at bar. Defendant maintains that *mandamus* is inappropriate, because, even if so directed by this court, it could not retroactively provide plaintiff with a converted policy. However, individuals are presumed to have contracted with the knowledge of existing law, and such laws enter into and form a part of the contract as fully as if they were expressed terms. (*Schlosser v. Jursich* (1980), 87 Ill. App. 3d 824, 826; *Goble v. Central Security Mutual Insurance Co.* (1970), 125 Ill. App. 2d 298, 301-02.) Since the statutes in effect on the date the plan was enacted required defendant to provide departing employees with a converted policy, defendant's contention that *mandamus* would require retroactive amendment of the plan is without a basis.

■ As its second argument supporting its conclusion that *mandamus* is an inappropriate remedy here, defendant contends *mandamus* "will interfere with an executive officer of the government in the exercise of his ordinary duties." While defendant does have discretion to provide health insurance coverage to its employees (see Ill. Rev. Stat. 1983, ch. 122, par. 10—22.3a), once it elects to provide coverage, it may allow its employees a conversion privilege. Therefore, a writ of *mandamus* would not compel defendant to act where it had discretion to act and thus, defendant has failed to establish that *mandamus* is an inappropriate remedy.

■ Even if *mandamus* were inappropriate, however, we think

plaintiff should have been allowed to amend her pleadings. The only ground which defendant argues in support of the trial court's order denying plaintiff's motion to amend her pleadings is that plaintiff had failed to establish facts entitling her to relief under any cause of action including one for damages. Since plaintiff may be entitled to relief if certain additional facts are established upon remand, we conclude the trial court abused its discretion in denying plaintiff leave to amend her pleadings. (See Ill. Rev. Stat. 1983, ch. 110, pars. 14—109, 2—616(c), 1—108(a).) Accordingly, we reverse the order of the circuit court of Kane County entering summary judgment in favor of the defendant and remand this cause for proceedings consistent with this opinion.

Reversed and remanded.

NASH, P.J.,* and STROUSE, J., concur.