# Illinois Official Reports

## Appellate Court

---

### *Burman v. Snyder*, 2014 IL App (1st) 130772

---

| | |
|---|---|
| Appellate Court Caption | CRAIG A. BURMAN, Plaintiff-Appellant, v. DANIEL SNYDER III, Defendant-Appellee (Snyder Development Group, Inc., Defendant). |
| District & No. | First District, Third Division<br>Docket No. 1-13-0772 |
| Filed | April 30, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where plaintiff filed a petition to revive a judgment in 1998, within seven years of the date the judgment was obtained, but did not file a summons until 2011, the trial court properly found that the 1998 petition could not be the basis for enforcing the judgment and the judgment was no longer enforceable, and even assuming that the 1998 petition remained viable, the expiration of the 20-year statute of limitations in 2011, before defendant was served with the summons plaintiff filed in 2011, showed plaintiff's lack of diligence and warranted dismissal of plaintiff's attempt to revive the judgment pursuant to Supreme Court Rule 103(b). |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 88-CH-5005; the Hon. Rodolfo Garcia, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

George J. Tagler, of George J. Tagler & Associates, and Edward A. Berman, of Law Offices of Edward A. Berman, PC, both of Chicago, for appellant.

Myles P. O'Rourke and Robert E. Williams, both of O'Rourke & Moody, of Chicago, for appellee.

Panel

PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Neville and Mason concurred in the judgment and opinion.

**OPINION**

¶ 1        If handled correctly, a judgment, like an ordinary houseplant, can last a long time, up to 27 years after the date the judgment was entered. But just as neglecting to periodically water a houseplant will eventually cause it to wither and die, neglecting to periodically revive a judgment will eventually cause it to become dormant and extinguish. That is what happened in this case. Plaintiff, almost 7 years after obtaining a judgment, filed a petition to revive the judgment, but never effectuated service of the petition until 14 years later, which was after the twentieth anniversary of the judgment.

¶ 2        The circuit court granted defendant's motion to dismiss the petition to revive because: (i) in the absence of a second petition to revive, the judgment had become dormant and, the statute of limitations having run, could no longer be revived; and, alternatively, (ii) plaintiff's having served defendant with the petition after the expiration of the statute of limitations demonstrated lack of diligence justifying dismissal under Illinois Supreme Court Rule 103 (eff. July 1, 2007). Because we agree with the trial court's finding that the plaintiff's judgment became dormant and, by operation of Illinois law, expired when it was not timely revived, we do not need to determine whether the plaintiff acted diligently in serving the defendant.

¶ 3                                BACKGROUND

¶ 4        Back in 1988, plaintiff, Craig A. Burman, filed a complaint against defendants, Daniel W. Snyder III and the Snyder Development Group, Inc., for an accounting, declaratory judgment, and other relief arising out of a breach of a purported oral agreement between the parties regarding commissions. Defendants filed an appearance, but when their attorney failed to appear at a hearing on September 6, 1991, the trial court entered a default summary judgment against defendants in the amount of $91,284.25, plus costs.

¶ 5        Two years later, defendant Snyder appeared for a citation examination and the citation was dismissed. Then, on June 9, 1998, Burman filed a motion to revive the September 6, 1991 judgment. On July 1, 1998, the summons was returned as not served. Burman waited over 13

years, until December 6, 2011, to file a summons, which was followed by an alias summons on February 3, 2012, and a motion for appointment of a special process server on July 12, 2012. The trial court on October 31, 2012, entered an order permitting Burman to serve process by mail at defendant's Florida address, which Snyder received on November 23, 2012. (The Snyder Development Group, Inc., the corporate defendant, was never served, and the records of the Illinois Secretary of State indicate the corporation was dissolved.) Snyder filed his appearance on December 4, 2012, and moved to dismiss under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) and for sanctions under Illinois Supreme Court Rule 137 (eff. July 1, 2013). On December 12, 2012, Burman moved to revive the judgment and to take limited discovery on Snyder's motion to dismiss.

¶ 6    The trial court denied Burman leave to respond to Snyder's motion to dismiss, stating it had considered the Rule 103(b) issues on its own motion, and entered an order finding that Burman's 1998 petition to revive the judgment, the only petition filed, could not, under section 12-108(a) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/12-108(a) (West 2012)), serve as a basis to revive the judgment after 2005, which occurred over seven years after the filing of the 1998 petition. The court also held that even if the 1998 petition to revive the judgment remained viable, the 20-year statute of limitations expired on September 6, 2011, before defendant was served in November 2012, which demonstrated a lack of diligence and warranted dismissal under Illinois Supreme Court Rule 103(b). Further, the court denied Burman's motion for limited discovery as moot and denied Snyder's request for sanctions under Supreme Court Rule 137, finding that no improper purpose had been shown.

¶ 7    Burman timely appealed, asserting the trial court erred in finding that the statute of limitations to revive the judgment expired on September 6, 2011, and in denying him leave to respond to defendant's motion to dismiss. Burman asks this court to reinstate the petition to revive the judgment or remand for further proceedings.

¶ 8                                    ANALYSIS
¶ 9                            Revival of the Judgment
¶ 10   Burman first contends he properly revived the 1991 judgment by filing a petition to revive the judgment in 1998, within seven years of its entry, as required by section 2-1602(a) of the Illinois Code of Civil Procedure (735 ILCS 5/2-1602(a) (West 2012)), and that the trial court erred in finding that the judgment was dormant. Snyder argues that although Burman properly revived the judgment in 1998, to keep the petition viable under section 2-1602(a), Burman had to file a second petition to revive in 2005, the seventh year after the filing of the 1998 petition. Because this issue involves issues of statutory construction, a *de novo* standard of review applies. *Revolution Portfolio, LLC v. Beale*, 332 Ill. App. 3d 595, 600 (2002).

¶ 11   Revival of a judgment is not an original suit but the continuation of a suit in which the judgment was entered. *Aetna Casualty & Surety Co. v. Brunsmann*, 77 Ill. App. 2d 219, 222 (1966) (citing *Smith v. Stevens*, 133 Ill. 183, 191 (1890)). In Illinois, "no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon revival of the same by a proceeding provided by Section 2-1601." 735 ILCS 5/12-108(a) (West 2012). Section 2-1601 of the Code abolished the common law revival method of *scire facias* in favor of the revival procedure provided in that section. Under section 2-1602(a), "A judgment may be revived by filing a petition to revive the judgment in the seventh year after its entry, or in the seventh year after its last revival, or in the twentieth year after its entry, or at any other time

- 3 -

within 20 years after its entry if the judgment becomes dormant." 735 ILCS 5/2-1602(a) (West 2012).

¶ 12    Burman asserts that by filing the petition in 1998, within seven years of the date the judgment was entered, he has complied with section 2-1602(a). Burman acknowledges he did not serve notice on defendant until more than 20 years after the judgment was entered but asserts only the date of filing the petition and not the date of service is relevant in determining the viability of a petition to revive. Thus, under Burman's interpretation, as long as a party files a single timely petition for revival, a later petition need not be filed to make the judgment enforceable in the future. For support, Burman relies on *Smith v. Carlson*, 8 Ill. 2d 74 (1956). In *Smith*, a common law *scire facias* proceeding, the plaintiff filed his affidavit for revival of judgment 5 days before the 20-year statutory period expired and served defendant with an alias writ 14 days later. Defendants filed a motion to dismiss on the ground that an order of revival could not be entered 20 years having transpired from the entry of judgment. The trial court dismissed the case and the appellate court affirmed. The supreme court reversed, deciding that a judgment could be revived where the affidavit for revival of the judgment had been filed and the writ had been issued before the 20-year limitation period expired, even though the alias writ's return date was after the limitation period. *Smith*, 8 Ill. 2d at 75.

¶ 13    Burman contends that having filed the petition within 7 years, the petition is viable, under *Smith*, even if it was served on Snyder more than 20 years after the entry of the judgment. We disagree. Under section 2-1602(a) of the Code, a judgment may be revived any time within 20 years of its entry. Once the 20 years elapse, the judgment is no longer viable. The entry of a judgment of revivor does not toll the 20-year statute of limitations period. *Brunsmann*, 77 Ill. App. 2d at 223. This court's holding in *Brunsmann* is illustrative. There, a judgment was entered in plaintiff's favor on December 14, 1939. The plaintiff then obtained judgments of revivor in June 1948 and February 1956. The judgment was never reversed, vacated or satisfied, and on April 20, 1965, after 26 years had elapsed since entry of the judgment, the plaintiff filed a complaint to revive the judgment. *Id*. at 220. The trial court granted plaintiff's motion for summary judgment and entered a third judgment of revivor. Defendant appealed, arguing that an action to revive the judgment may not be commenced more than 20 years from the date of its entry, and the intervening judgments of revivor did not serve to toll the running of the statute. *Id*. This court agreed. In reversing, the appellate court noted that the statutory period of 20 years after the date of the judgment "is clearly intended to limit the time for commencement of such action to 20 years from the date of the original judgment, and the statute is not tolled by entry of judgment of revivor." *Id*. at 223.

¶ 14    Burman's motion to revive the judgment filed on June 9, 1998, did not toll the statute and thus he had only until September 6, 2011, the twentieth anniversary of the date the judgment was entered, to properly revive the judgment Once that date passed, the judgment was no longer viable. Burman did file a second motion to revive the judgment, on December 12, 2012, but by then 20 years had elapsed. Although Snyder was eventually served with a summons, on November 23, 2012, that too was over 20 years after the date of the judgment.

¶ 15    Burman contends that the delay in serving Snyder should not preclude him from enforcing the judgment because under *Smith* a judgment may be revived even though the summons return date was after the limitations period. In *Smith*, the plaintiff filed his affidavit for revival of judgment 5 days before the 20-year statutory period expired and served defendant with an alias writ 14 *days* later. That is a far cry from the facts here. Burman did not serve the petition

on Snyder until more than 14 *years* after filing the petition to revive. The *Smith* court did not hold that any delay in serving the judgment debtor was permissible.

¶ 16    Further, although Burman's delay in serving the petition on Snyder was one reason the court dismissed the petition, the other reason was that the petition was no longer viable after 2005, absent a second petition to revive. Burman's interpretation of the statute–that filing a single petition to revive within seven years of the entry of judgment suffices–contradicts the express language of section 2-1602(a).

¶ 17    "[I]n construing a statute, each provision and word should be given a reasonable meaning, and the statute will not be presumed to contain surplusage ***." *Jensen Disposal Co. v. Town of Warren*, 218 Ill. App. 3d 483, 490 (1991). Section 12-108(a) of the Code provides that a judgment may not be enforced after seven years from the entry of the judgment, except on revival. 735 ILCS 5/12-108(a) (West 2012). Section 2-1602(a) of the Code, which sets out the revival procedure, provides that a petition to revive a judgment may be filed "in the seventh year after its entry, or in the seventh year *after its last revival*, or in the twentieth year after its entry, or at any other time within 20 years after its entry *if the judgment becomes dormant*." (Emphases added.) 735 ILCS 5/2-1602(a) (West 2012). The words "last revival" indicate that a one-time revival petition that would make a judgment viable indefinitely into the future was not contemplated by the statute. That language, when read in conjunction with the remainder of the section, indicates that a judgment becomes dormant seven years after its last revival. Robert G. Markoff & Christopher J. McGeehan, *Reviving Judgments in Illinois*, 98 Ill. B.J. 40 (2010) (describes statutes applicable to reviving judgments, including that in Illinois a judgment becomes dormant seven years after its last revival or the entry of the original judgment).

¶ 18    Burman filed a petition to revive in 1998, within seven years of the date of the judgment. He then failed to take any action until he filed a summons in December 2011. In 2005, seven years after Burman filed his initial petition to revive, the judgment still remained dormant. To keep the judgment viable, Burman was required to obtain service and an order of revival in or after the seventh year. He did not. Thus, the trial court correctly found that the 1998 petition could not be the basis for seeking to enforce the judgment, and in the absence of a second timely petition to revive, the judgment was no longer enforceable.

¶ 19                                    Lack of Diligence

¶ 20    The trial court found that even if the 1998 petition to revive the judgment remained viable, Burman's failure to serve Snyder before the 20-year statute of limitations expired showed a lack of diligence and warranted dismissal under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). Rule 103(b) provides as follows:

> "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of

reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure." Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

¶ 21 Section 2-1602(c) of the Code provides that service of notice of a revival petition must be made in accordance with Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985). 735 ILCS 5/2-1602(c) (West 2012). Rule 106 provides that notice of the filing of a petition for a revival of a judgment, as well as a petition under section 2-1401 of the Code (relief from judgments) or section 12-183(g) of the Code (release of judgment) must be given by the same methods provided in Rule 105 for the giving of notice of additional relief to parties in default. 735 ILCS 5/2-1401, 12-183(g) (West 2012). Rule 105(b) requires that notice be provided by one of three methods: (1) personal service, (2) certified or registered mail, or (3) publication. Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989). The party seeking revival must give personal notice to prevent surprise on the party owing the dormant judgment. *Department of Public Aid ex rel. McGinnis v. McGinnis*, 268 Ill. App. 3d 123, 129 (1994).

¶ 22 In applying Rule 103(b) to a revival petition, the trial court noted that in *People v. Prado*, 2012 IL App (2d) 110767, a section 2-1401 petition was held to be dismissed under Rule 103(b) if defendant failed to exercise reasonable diligence in serving the State. The trial court found that because notice of filing of a section 2-1401 petition and a revival petition under section 2-1602 are given by the same method, a revival petition may also be dismissed under Rule 103(b) if a party fails to exercise reasonable diligence in serving the opposing party. Courts consider many factors in either allowing or denying a Rule 103(b) motion, including, (i) the length of time used to obtain service of process; (ii) the activities of plaintiff; (iii) plaintiff's knowledge of defendant's location; (iv) the ease with which defendant's whereabouts could have been ascertained; (v) actual knowledge on the part of defendant of pendency of matter as a result of ineffective service; (vi) special circumstances that would affect plaintiff's efforts; and (vii) actual service on defendant. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 212-13 (2007). Rule 103(b) provides no specific time limit, and the court must assess the passage of time in relation to the other factors and circumstances on a case-by-case basis. *Id.* An abuse of discretion standard applies to the trial court's Rule 103(b) decision.

¶ 23 Burman contends the trial court erred in finding that Rule 103(b) applies to a notice served with a petition to revive a judgment, and if Rule 103(b) does apply, the trial court erred in finding a lack of diligence and in denying his request to file a response to Snyder's motion to dismiss. Because Burman failed to timely file his petition to revive the judgment, we need not address this issue. But as a practical matter and to provide guidance on a procedure little discussed in the case law, we agree with the trial court's reasoning. Our court rules require notice of filings, which includes postjudgment proceedings. Accordingly, postjudgment creditors proceed at their own risk should they ignore the diligence requirement of Supreme Court Rule 103(b).

¶ 24 We affirm the circuit court's dismissal of plaintiff's petition to revive the judgment.

¶ 25 Affirmed.