THE DEPARTMENT OF PUBLIC AID *ex rel.* CONNIE SUE McGINNIS, n/k/a Connie Sue Lewis, Plaintiff-Appellee, v. STEVEN R. McGINNIS, Defendant-Appellant.

Fourth District   No. 4—93—0879

Opinion filed November 30, 1994.

Robert E. Cummins, of Kidwell & Cummins, of Mattoon, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Alison E. O'Hara, Assistant Attorney General, of counsel), for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Steven R. McGinnis appeals the decision of the trial court to revive a judgment against him pursuant to section 2—1601 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1601 (West 1992)) and award interest to the plaintiff. Defendant contends the trial court lacked jurisdiction over him because he was improperly served. We affirm.

The following facts are not in dispute. This case has a long procedural history beginning in 1971, when plaintiff Connie Sue Lewis married defendant. On July 31, 1972, a son named Aaron Mathew McGinnis was born of the marriage. The parties divorced in 1974. The divorce decree granted custody of Aaron to Lewis, subject to defendant's visitation rights, and ordered him to pay $25 per week in child support.

In April 1980, Lewis filed a petition to show cause, alleging defendant was $6,100 in arrears in child support payments. In August 1980, following a stipulation and agreement by the parties, the circuit court entered findings and ordered the following:

"A. That CONNIE SUE McGINNIS [n/k/a Lewis], is awarded a Judgment against STEVEN RAY McGINNIS in the sum of $6,100.00 for the child support in arrears up through and including the date of the Entry of this Order.

B. That the award of weekly child support from STEVEN RAY McGINNIS to CONNIE SUE McGINNIS as provided in the original Decree of Divorce is hereby suspended until further Order of Court.

C. That the visitation privileges awarded to STEVEN RAY McGINNIS in the original Decree of Divorce are hereby terminated until further Order of Court and STEVEN RAY McGINNIS shall cease any contact or communication with the minor until further Order of this Court.

D. In the future, if STEVEN RAY McGINNIS Petitions the Court to reestablish visitation and contact with the minor child then the $6,100.00 child support arrearage shall be immediately paid to CONNIE SUE McGINNIS prior to the reestablishment of visitation privileges and with assurances to the Court by STEVEN RAY McGINNIS that he will in fact exercise regular visitation privileges."

In February 1989, Lewis filed another petition to show cause. She alleged the $6,100 judgment remained unpaid. She also sought child support between 1980 and 1988, arguing the 1980 circuit court order suspending defendant's child support obligations was invalid. After much procedural wrangling by the parties, the circuit court denied the request for child support between 1980 and 1988 because it found the 1980 court order suspending defendant's child support obligations to be valid and enforceable. Lewis appealed to this court, and this court affirmed the circuit court's decision in an unpublished order. *Lewis v. McGinnis* (1992), 224 Ill. App. 3d 1112 (unpublished order under Supreme Court Rule 23).

On November 25, 1992, the Illinois Department of Public Aid (Department) filed a petition to intervene in the action and collect the judgment on behalf of Lewis. The petition read:

*"PETITION TO INTERVENE AND COLLECT JUDGMENT*

Now comes the ILLINOIS DEPARTMENT OF PUBLIC AID, Intervening [plaintiff], by ROLAND W. BURRIS, ATTORNEY GENERAL OF THE STATE OF ILLINOIS, and alleges upon information and belief:

1. That a judgment was entered herein on August 15, 1980 in the amount of $6,100.00 against [defendant] and in favor of Connie Sue McGinnis, n/k/a/ Connie Sue Lewis, for back child support.

2. That Steven McGinnis, the [defendant], has not paid any portion of the judgment.

3. That the Intervening [plaintiff], [Department], is providing support services pursuant to Title IV-D of the Social Security Act, 42 USC 651 et. seq. and Ill. Rev. Stat. 1989 Ch. 23, para. 10—1 et seq.

WHEREFORE, the Intervening [plaintiff] prays:

A. That the Illinois Department of Public Aid be permitted to intervene in this cause.

B. That this Court enter an Order for repayment of the judgment and an income withhold order certified for immediate service on [defendant's] payor of income.

C. That interest be added to the judgment at a rate of nine (9%) percent.

D. Any further relief that the Court deems just."

The petition was certified by Lewis, and summons was served upon defendant on December 1, 1992.

On January 12, 1993, defendant filed a demand for a bill of particulars. On January 27, 1993, he filed a motion to dismiss the Department's petition to intervene, alleging because the judgment had not been revived, there was no pending cause of action in which the Department could intervene. The Department filed a bill of particulars on January 28, 1993, showing it had statutory authorization to intervene. Defendant then filed a request to admit on February 4, which the Department answered on March 2. The Department admitted there was no litigation or cause of action pending between Lewis and defendant other than the instant petition to intervene and collect judgment.

On March 17, 1993, at a hearing on the motion to dismiss, the circuit court granted the Department's petition to intervene, granted defendant's motion to dismiss the petition for collection of judgment, and granted the Department 14 days leave to file an amended petition for the collection of judgment. On March 30, the Department filed the following amended petition:

"*AMENDED PETITION FOR REVIVAL AND COLLECTION OF JUDGMENT*

NOW COMES [plaintiff], CONNIE SUE MCGINNIS, now LEWIS, by Assistant Attorney General, Cheryl Drda, pursuant to Ill. Rev. Stat. 1991 ch. 110 para. 2—1601 and files this Petition for Revival and Collection of Judgment and alleges upon information and belief:

(1) That a Judgment was entered on August 15, 1980[,] herein in the amount of $6,100.00 against Steven McGinnis and in favor of Connie Sue McGinnis, now Lewis.

(2) That said judgment was for arrearages in child support accruing up to August 15, 1980.

(3) That said judgment is still valid and enforceable pursuant to Ill. Rev. Stat. 1991 ch. 110 para. 13—218[,] which states in part 'Judgments in a circuit court may be revived *** within 20 years next after the date of such judgment ***.'

(4) That Steven McGinnis has not paid any portion of the judgment as of March 18, 1993.

WHEREFORE, [plaintiff] prays,

A. That the judgment entered on August 15, 1980 in the amount of $6,100.00 against Steven McGinnis be revived.

B. That this court enter an order requiring Steven McGinnis to make a lump[-]sum payment of at least $2[,]500.00 toward the judgment plus monthly payments until the entire judgment is paid in full.

C. That interest be added to the judgment at the rate of nine percent (9%).

D. That an Order for Withholding be entered and certified for immediate service on [defendant's] payor of income."

Lewis certified the amended petition. The amended petition was then served on defendant's attorney by United States mail.

At the hearing on the amended petition on July 16, 1993, defendant's attorney presented a special and limited appearance and motion to strike the amended complaint for lack of jurisdiction. Defendant's attorney alleged the court lacked jurisdiction over defendant because Lewis had failed to serve defendant with a summons regarding her revival action and had not filed any other pleading to revive the cause of action against him. The circuit court refused to consider defendant's pleading, ruling it did not conform to the court's prior order to respond to the amended petition. The court considered defendant's attorney to have entered a general denial of the amended petition, and reset the matter for hearing on July 28, 1993. Neither defendant nor his attorney appeared for the July 28 hearing, so the circuit court continued the hearing to August 19.

At the August 19, 1993, hearing, defendant's attorney appeared, declined to enter a general appearance, declined to participate in the hearing, and left the courtroom. The circuit court received testimony and evidence, and rendered a ruling in favor of the Department and Lewis and against defendant. In its written order, the circuit court declared "the Court has jurisdiction of the subject matter and the [defendant] as he was served with summons on December 1, 1992." The court ordered the judgment of $6,100 revived, and added $7,137 interest to the judgment. Defendant now appeals.

■ Section 12—108 of the Code declares no judgment may be enforced after seven years from the time of the judgment, unless the judgment is revived under section 2—1601 of the Code. (735 ILCS 5/12—108 (West 1992).) Although at common law a writ of *scire facias* was used to revive dormant judgments, section 2—1601 of the Code declares:

"Any relief which heretofore might have been obtained by scire facias may be had by employing a petition filed in the case in which the original judgment was entered, and notice shall be given in accordance with rules." (735 ILCS 5/2—1601 (West 1992).)

Section 13—218 of the Code declares a judgment revived under section 2—1601 must be revived within 20 years of the judgment. 735 ILCS 5/13—218 (West 1992).

■ Supreme Court Rule 106 declares notice of filing of a petition for revival pursuant to section 2—1601 "shall be given by the same methods provided in Rule 105 for the giving of notice of additional relief to parties in default." (134 Ill. 2d R. 106.) Rule 105(a) states "If new or additional relief, whether by amendment, counterclaim, or otherwise, is sought against a party not entitled to notice under Rule 104, notice shall be given him as herein provided." (134 Ill. 2d R. 105(a).) Rule 105(b) then declares notice may be provided by any of three methods: (1) by service of summons, (2) by certified or registered mail, or (3) by publication. 134 Ill. 2d R. 105(b).

> "Supreme Court Rule 105 requires that notice be given to a party in default if new relief, or relief greater than that originally requested, is sought. *** A party has the right to assume that relief granted on default will not exceed or substantially differ from that asked for in the complaint, and thus the notice requirements of Rule 105 are designed to prevent litigants from obtaining new or additional relief without first giving a defaulted party a renewed opportunity to appear and defend." (*Eckel v. Bynum* (1992), 240 Ill. App. 3d 867, 877, 608 N.E.2d 167, 175.)

Rule 106 treats a request for revival as new or additional relief. Therefore, pursuant to Rule 105, the party seeking revival (and possibly interest on the original judgment) must give personal notice to prevent surprise on the party owing the dormant judgment.

Defendant does not dispute service of process of the *initial* "Petition to Intervene and Collect Judgment" complied with the rules. He asserts, however, he was entitled to personal notice of the *amended* petition. He contends the initial petition was not a petition for revival, nor was it a petition involving Lewis as a party. When Lewis filed the "Amended Petition for Revival and Collection of Judgment," this was an independent cause of action brought by a different party. Therefore, the rules required he be served *personally*. Because only his lawyer was served, the court lacked jurisdiction over him, and the trial court erred by ruling in favor of Lewis. We disagree.

■ Once a party is notified of a complaint requesting new relief pursuant to Rule 105, there is nothing further in Rule 105 requiring personal notice of amendments to *that* complaint unless the amended complaint requests new or additional relief beyond the initial complaint. In the case at hand, the primary difference between the initial petition and the amended petition was the amended petition expressly requested revival, whereas the initial petition did not. Al-

though the trial court apparently deemed the initial petition insufficient to effect revival, this court recently declared an express request for revival is not necessary to effect revival. (*People ex rel. Wray v. Brassard* (1992), 226 Ill. App. 3d 1007, 1011, 589 N.E.2d 1012, 1014-15 (petition for adjudication of contempt of court for failure to comply with divorce decree as to payment of child support sufficient to effect revival).) Indeed, even under the requirements for the now-abolished writ of *scire facias*, all that was required to effect revival was "a creditor must describe the original judgment by date and amount and state whether or not it has been partially satisfied." *A.A. Store Fixture Co. v. Kouzoukas* (1980), 87 Ill. App. 3d 631, 636, 410 N.E.2d 131, 136.

In this case, the initial petition described the original judgment by date, amount, and parties, stated whether any of the judgment had been satisfied, and requested defendant be ordered to pay the judgment with interest. The essence of the relief requested in both the initial petition and the amended petition was the same: both petitions requested defendant be ordered to pay the judgment. The initial petition attempted revival (albeit inartfully) and, therefore, gave defendant adequate notice of an attempted revival of the dormant judgment against him. In addition, an action to revive a judgment is considered not to be a new proceeding, but rather a continuation of the suit in which the judgment was originally entered. (*Dec v. Manning* (1993), 248 Ill. App. 3d 341, 349, 618 N.E.2d 367, 373.) Therefore, both the initial and amended petitions were part of the same original suit, and so defendant cannot argue the amended petition involved an action independent from the action involved in the initial petition.

Because an express request for revival is not necessary to effect revival of the judgment, and because the initial petition gave defendant adequate notice of an attempted revival, the express request for revival in the amended petition was mere surplusage in this instance. Therefore, because the amended petition did not seek any new or additional relief beyond the relief sought by the initial petition, notice of the amended petition need not have met the requirements of Rule 105 because notice of the initial petition had already met those requirements.

Supreme Court Rule 11, which explains the manner of serving papers other than process and complaint, declares if a party is represented by an attorney of record, service shall be made upon the attorney. This may be done either by giving the document to the attorney personally, by leaving it with an appropriate person at the attorney's office or home, by sending it via United States mail, or by

sending it via facsimile machine to the attorney's office. (145 Ill. 2d R. 11.) In the case at hand, defendant's attorney was served with the amended petition via United States mail. Service of process for the amended petition was proper. The trial court had jurisdiction over defendant, and therefore did not err in this regard.

■ Defendant next contends the trial court erred by reviving the judgment. There are only two permissible defenses to a revival action: the denial of the existence of the judgment, or proof of satisfaction or discharge of the action, and these defenses must appear on the face of the record. (*Dec*, 248 Ill. App. 3d at 349, 618 N.E.2d at 373.) Defendant, in essence, denies the existence of the judgment, asserting the 1980 judgment, "however artfully or inartfully drawn, tells the reader that Lewis is barred from collecting her judgment of $6,100.00 so long as [defendant] does not petition the Court to reestablish visitation." This argument is completely without merit. There is nothing inartful about the 1980 judgment. The plain language of the 1980 judgment awarded Lewis $6,100. There were no conditions placed on collection of the judgment. The only condition in the judgment was placed on *defendant* as the judgment declared he could not regain visitation rights until he satisfied the judgment by paying Lewis the $6,100 he owed in child support.

■ Defendant also contends the court erred in reviving the action because "[he] never had an opportunity to litigate or raise defenses which might show that the plaintiff had no right against defendant to have the judgment executed." This argument is equally without merit. Defendant was given three opportunities: July 16, July 28, and August 19, 1993. On each date, defendant, through his attorney, either failed to appear or refused to discuss the merits of the case. Based on the evidence at the August 19 hearing, the trial court revived the judgment against defendant. The trial court did not err in doing so.

■ Defendant finally argues the trial court abused its discretion in awarding prejudgment interest under section 2—1303 of the Code. He first asserts the 1980 court order suspended his obligation to pay the judgment, so no interest could be awarded on the judgment. Once again, his assertion flies in the face of the plain language of the 1980 order, which in no way suspended his obligation to pay the judgment.

■ Defendant next contends the trial court erred in awarding interest because it ignored his good-faith belief the mandate of this appellate court, which confirmed the validity of the 1980 order, could be read as an endorsement of his position the 1980 order suspended the obligation to pay the original judgment. This argument is also without merit.

First, the language of section 2—1303 is mandatory. "Judgments recovered in any court *shall* draw interest at the rate of 9% per annum from the date of the judgment until satisfied \*\*\*." (Emphasis added.) (735 ILCS 5/2—1303 (West 1992).) Second, even if equitable considerations could, under limited circumstances, override the statutory mandate (see *In re Marriage of Scafuri* (1990), 203 Ill. App. 3d 385, 398-99, 561 N.E.2d 402, 410-11 (noting split in authority)), equitable considerations are not present here. As we have already explained, defendant's interpretation of the 1980 order is unreasonable. In addition, contrary to his assertions, nothing in this court's 1992 unpublished order could in any way be read as endorsing the position defendant now takes. Indeed, that order even concluded: "We note, however, the $6,100 child support arrearage was reduced to judgment. *Nothing* in this opinion precludes plaintiff from enforcing that judgment." (Emphasis added.) (*Lewis*, 224 Ill. App. 3d 1112 (slip order at 8) (unpublished order under Supreme Court Rule 23).) The trial court did not err by awarding interest.

The judgment of the trial court is affirmed in its entirety.

Affirmed.

GREEN and STEIGMANN, JJ., concur.