**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240704-U

Order filed November 18, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| BMO HARRIS N.A., f/k/a Harris N.A., as Assignee of the Federal Deposit Insurance Corporation, as Receiver for Amcorp Bank, N.A., SMS FINANCIAL CH, LLC, | ) ) ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiffs | ) ) | |
| (SMS Financial CH, LLC, Substituted Plaintiff-Appellee), | ) ) ) ) | |
| v. | ) ) | |
| VLADIMIR SKLAROV, a/k/a Val Sklarov; SHARON SKLAROV; CHICAGO TITLE LAND TRUST COMPANY, an Illinois Corporation, as Trustee Under Trust Agreement Dated January 20, 2000, and Known as Trust No. 1108013; GUARANTY TRUST COMPANY, d/b/a ATG Trust Company, an Illinois Corporation, as Successor Trustee to Northern Trust Company, as Trustee Under Trust Agreement Dated February 15, 2001, and Known as Trust No. 9810; and UNKNOWN OWNERS AND NONRECORD CLAIMANTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal No. 3-24-0704 Circuit No. 12-CH-3822 |
| Defendants | ) ) | |
| (Vladimir Sklarov, Defendant-Appellant). | ) ) ) | Honorable Robert G. Gibson, Judge, Presiding. |

_____

JUSTICE BERTANI delivered the judgment of the court.
Justices Peterson and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The court did not err as a matter of law when it granted plaintiff's petition to revive judgment over defendant's objections.

¶ 2    Plaintiff, SMS Financial CH, LLC (SMS Financial), filed a petition to revive judgment against defendant, Vladimir Sklarov. Defendant objected to the petition on various grounds. Following a hearing, the Du Page County circuit court granted the petition. On appeal, defendant argues the court erred in reviving the judgment because he was released from the judgment, the judgment was satisfied in full, and SMS Financial did not have clean hands. We affirm.

¶ 3    I. BACKGROUND

¶ 4    On July 26, 2012, BMO Harris N.A. (BMO Harris) initiated a foreclosure action against defendant and Sharon Sklarov, defendant's now ex-wife. On September 16, 2014, the court entered an order approving a foreclosure sale and entered a deficiency judgment against defendant and Sharon, jointly and severally, for $3,548,234.66.

¶ 5    On March 7, 2016, BMO Harris, Sharon, and First Bank of Highland Park entered into a "Settlement Agreement & Release" (settlement agreement). Among other things, the settlement agreement provided: (1) First Bank of Highland Park would cause $475,000 to be paid to BMO Harris, as borrowed by Sharon; (2) the entry of a $1,943,268.31 consent judgment in BMO Harris's favor in another matter; and (3) Sharon agreed to cooperate with BMO Harris for the sale of certain property. The settlement agreement then provided for the release of judgments against Sharon, in relevant part, as follows:

2

"Except for the obligations created by this Agreement and subject to the exceptions and reservations stated in herein, BMO Harris releases Borrower, personally and solely, from the Supplementary Proceedings, Du Page Judgment, and the Cook County Judgment, and shall execute written releases of the Borrower from the Du Page Judgment and the Cook County Judgment (in the form appended hereto as Exhibits A and B) ***."

The settlement agreement also provided for various limitations, including:

"The foregoing release and the written release of Judgments extend only to the Borrower and not to any other person or entity. Without limiting the foregoing, the release does not extend to Vladimir Sklarov and shall not be interpreted to relieve Vladimir Sklarov from any liability, debt, or judgment. Borrower expressly acknowledges that any agreement that she may have with Vladimir Sklarov regarding apportionment of debts or obligations shall not, in any way, affect BMO Harris right to enforce any judgment against Vladimir Sklarov."

¶ 6        Attached to the settlement agreement was exhibit A, titled "Release of Judgment" (release), which provided, as follows: "BMO Harris Bank, N.A., WHO IS THE Judgment Creditor, for consideration received, hereby releases Sharon Sklarov, [address], solely and personally, from the Deficiency Judgment entered against her on September 16, 2014 in the amount $3,548,234.66." The release was filed with the court on June 20, 2016.

¶ 7        On April 30, 2020, BMO Harris sold, transferred, and assigned the deficiency judgment to SMS Financial. Thereafter, the court allowed SMS Financial to substitute as plaintiff.

¶ 8        On September 17, 2024, SMS Financial filed a petition to revive the $3,548,234.66 deficiency judgment against defendant (735 ILCS 5/2-1602 (West 2024)). Defendant opposed the

3

petition to revive, arguing, *inter alia*, (1) the release between BMO Harris and Sharon released all co-obligors, (2) the judgment was satisfied in full, and (3) SMS Financial did not have clean hands because its filings swore that no payments had been made on the deficiency judgment. Following a hearing, the court granted the petition. Defendant appeals.

¶ 9                                                                II. ANALYSIS

¶ 10        On appeal, defendant reiterates the same arguments in opposition to the petition to revive that he made before the circuit court. We address each contention in turn.

¶ 11        Under Illinois law, "no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by a proceeding provided by Section 2-1601" of the Code of Civil Procedure (Code). 735 ILCS 5/12-108(a) (West 2024). A judgment may be revived in three different scenarios: (1) in its seventh year when it is still active; (2) if it has been revived previously, it may be revived again in the seventh year after it was last revived; and (3) it may be revived 20 years after its entry should it become dormant. *Discover Bank v. White*, 2025 IL App (3d) 240457, ¶ 11. "There are only two permissible defenses to a revival action: the denial of the existence of the judgment, or proof of satisfaction or discharge of the action ***." *Department of Public Aid ex rel. McGinnis v. McGinnis*, 268 Ill. App. 3d 123, 131 (1994). These defenses must appear on the face of the record. *Id.* Accordingly, our review is *de novo*. *Rosenthal-Collins Group, L.P. v. Reiff*, 321 Ill. App. 3d 683, 687 (2001) (*de novo* standard of review applies when the court heard no testimony and ruled solely on documentary evidence).

¶ 12        Defendant first argues the release between BMO Harris and Sharon also released him as co-obligor. Settlement agreements are construed and enforced under principles of contract law. *Country Mutual Insurance Co. v. Olsak*, 2022 IL App (1st) 200695, ¶ 56. The interpretation of a contract presents a question of law, which we review *de novo*. *Id.* "The primary objective in

4

construing a contract is to determine and give effect to the intention of the parties at the time they entered into the contract." *K's Merchandise Mart, Inc. v. Northgate Ltd. Partnership*, 359 Ill. App. 3d 1137, 1142 (2005). The plain language used in the contract is the best indication of the parties' intent. *Id.* Further, a court cannot alter, change, or modify the existing terms of a contract or add new terms or conditions to which the parties do not appear to have assented. *Leak v. Board of Education of Rich Township High School District 227*, 2015 IL App (1st) 143202, ¶ 14. We regard instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction as one contract. *Gallagher v. Lenart*, 226 Ill. 2d 208, 233 (2007).

¶ 13        The plain and unambiguous language of the settlement agreement and release provided that BMO Harris released Sharon, for consideration received, solely and personally, from the subject deficiency judgment. The settlement agreement unequivocally provided that it and the release extended only to Sharon and not defendant. As BMO Harris explicitly released only Sharon from said judgment, the judgment against defendant still stands as it was against defendant and Sharon jointly and severally. In defendant's defense, he contended he was also released from the deficiency judgment by way of the settlement agreement because he was a co-obligor. Defendant relied on the common law rule that the release of one co-obligor releases all obligors. See *Porter v. Ford Motor Co.*, 96 Ill. 2d 190, 194-95 (1983). However, our supreme court has modified this rule to hold that an "*unconditional* release of one co-obligor releases all *unless* a contrary intent appears from the face of the instrument." (Emphases added.) *Id.* at 195. The parties dispute whether the rule applies outside of tort law. Regardless, the settlement agreement and release both make clear that they were conditional and there is an expressed intent that they did not extend to defendant. Thus, defendant was not released from the deficiency judgment as a co-obligor.

5

¶ 14    Next, defendant contends the petition to revive is barred by section 12-183(h) of the Code (735 ILCS 5/12-183(h) (West 2016)),[1] which states: "Upon the filing of a release or satisfaction in full satisfaction of judgment, signed by the party in whose favor the judgment was entered or his or her attorney, the court shall vacate the judgment, and dismiss the action."

¶ 15    Defendant suggests the release is one of "full satisfaction" because the release listed the full amount of the judgment. Again, the release provided, as follows: "BMO Harris Bank, N.A., WHO IS THE Judgment Creditor, for consideration received, hereby releases Sharon Sklarov, [address], solely and personally, from the Deficiency Judgment entered against her on September 16, 2014 in the amount $3,548,234.66." It is evident the date and amount were merely listed to identify the judgment from which Sharon was being released. There is no indication in either the settlement agreement or the release that there was *full satisfaction* of the deficiency judgment or that the judgment itself was released.

¶ 16    Last, defendant argues SMS Financial did not have clean hands. Specifically, he argues SMS Financial represented to the court that no payments had been made on the deficiency judgment despite SMS Financial's prior acknowledgement of payments. However, this is not a viable defense to a petition to revive. See *McGinnis*, 268 Ill. App. 3d at 131. Moreover, any concern as to any credits against the judgment should be addressed in supplemental proceedings. 735 ILCS 5/2-1602(d) (West 2024).

¶ 17                                    III. CONCLUSION

¶ 18    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

---

[1]Defendant relies on the statute that was in effect on June 20, 2016, the date the release was filed with the court. Thereafter, the statute was amended to provide "may" instead of "shall." See Pub. Act 99-744 (eff. Aug. 5, 2016) (amending 735 ILCS 5/12-183(h)). We need not decide which version of the statute applies because defendant's argument nonetheless fails.

¶ 19        Affirmed.