In re MARRIAGE OF DAWN L. LOOMIS, Petitioner-Appellant, and BRIAN R. LOOMIS, Respondent-Appellee.

Second District   No. 2—03—0409

Opinion filed May 26, 2004.

Dawn L. Loomis, of Naperville, appellant *pro se.*

Brian R. Loomis, of Bolingbrook, appellee *pro se.*

JUSTICE KAPALA delivered the opinion of the court:

*Pro se* petitioner, Dawn L. Loomis, appeals from an order of the

circuit court of Du Page County denying in part her motion to compel payment of child support from monies and "perks" respondent, Brian R. Loomis, received upon separation from his employer. We hold that respondent's duty to pay support had already terminated when he received the severance package from his employer and affirm the judgment of the circuit court of Du Page County on that basis.

## FACTS

The parties were divorced on November 16, 1994. The record shows that the parties had two children, Heather, born on September 21, 1982, and Brian Travis (Brian), born on May 8, 1984. In its judgment order entered after trial, the trial court provided for child support, as follows:

> "Defendant shall pay to [p]laintiff as and for child support the sum of ONE THOUSAND ONE HUNDRED ($1,100.00) DOLLARS per month representing 25% of what this court finds to be [d]efendant's net monthly income. Additionally, [d]efendant shall pay to [p]laintiff 25% of the net of any bonuses received from McDonald's Corporation."

The judgment order did not specify a date or event upon which child support would terminate. Upon Heather's emancipation, the child support figure was modified to 20% of respondent's net income and 20% of the net of any bonuses. A trial court order entered on March 19, 1998, defined "bonus" as including "perks" in an amount in excess of $500. On May 8, 2002, Brian turned 18 years of age, and on June 3, 2002, he graduated from high school.

Respondent was employed as an executive with McDonald's Corporation for approximately 29 years when he was terminated on May 31, 2002, due to a workforce reduction. His severance package of that date included (1) the opportunity to purchase a company-owned vehicle at a discount; (2) severance pay based on years of service; (3) vested profit sharing and associated savings and stock plans; (4) an "exit bonus"; (5) a "retention bonus"; (6) stock options; (7) earned sabbatical pay; (8) a cash contribution to medical coverage for a 12-month period; and (9) pay for accrued and unused vacation. The entire value of the package was approximately $700,000. On January 27, 2003, petitioner filed a motion to compel respondent to pay her 20% of the value of each of the above components of the severance package as child support. She reasoned that Brian did not become emancipated until his June 3, 2002, graduation from high school, which occurred three days after respondent's receipt of the severance package from McDonald's Corporation, and that each of the components of the severance package constituted a "bonus" because the package was specially crafted for respondent. After a hearing, the trial court allowed the mo-

tion as to the company-owned vehicle, the "exit bonus," and the "retention bonus," and denied the remainder of the motion on the basis that the compensation did not amount to "perks" or bonuses. Petitioner filed this timely appeal from those portions of the trial court's order which denied the relief she requested.

## DISCUSSION

We first note that respondent has not filed an appellee's brief. However, we will decide the merits of this appeal under *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), because the record regarding the issue on appeal is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief.

Petitioner initially contends that the trial court committed two procedural errors at the hearing on the motion to compel payment of child support. The first involved petitioner's request to strike respondent's written answer to the motion because it was filed eight days late. The trial court denied petitioner's request on the ground that petitioner had sufficient notice of the answer, even though it was late, so as not to be surprised. The second claimed error involved a consulting agreement, between respondent and an affiliate of McDonald's Corporation, that petitioner offered into evidence and that the trial court refused to admit. Because of our disposition of this appeal, it is not necessary for us to reach these issues.

We review this matter under an abuse of discretion standard. See *In re Marriage of Waller*, 339 Ill. App. 3d 743, 747 (2003). We may affirm the trial court's ruling for any reason supported by the record regardless of the basis relied upon by the trial court. *Scassifero v. Glaser*, 333 Ill. App. 3d 846, 860 (2002).

This case turns on the date upon which Brian was emancipated. Unless otherwise agreed by the parties in writing or expressly provided in the judgment, provisions for child support under the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/101 *et seq.* (West 2002)) are terminated by emancipation. 750 ILCS 5/510(d) (West 2002). Attaining the age of majority, 18 years, is an emancipating event. *Waller*, 339 Ill. App. 3d at 748. Although petitioner alleged in her motion that the judgment of dissolution uses graduation from high school as the emancipating event, and respondent admitted the allegation, the judgment contains no such provision. The judgment is silent with reference to when child support terminates. Further, we have not been advised that there is any agreement in writing between the parties that extends the obligation of support beyond Brian's eighteenth birthday. Consequently, we hold that Brian was emanci-

pated on May 8, 2002, before respondent's receipt of the severance benefits. After Brian's emancipation, the trial court had to rely upon section 513(a)(2) of the Act (750 ILCS 5/513(a)(2) (West 2002)) in deciding whether to award support for a nonminor child. *Waller*, 339 Ill. App. 3d at 748. That section provides:

> "§ 513. Support for Non-minor Children and Educational Expenses.
>
> (a) The court may award sums of money out of the property and income of either or both parties *** for the support of the child or children of the parties who have attained majority in the following instances:
>
> ***
>
> (2) The court may also make provision for the educational expenses of the child *** and an application may be made before or after the child has attained majority. *** The authority under this Section to make provision for educational expenses extends not only to periods of college education or professional or other training after graduation from high school, but also to any period during which the child *** is still attending high school, even though he or she attained the age of 18." 750 ILCS 5/513(a)(2) (West 2000).

This section is not self-executing. Petitioner had to apply for educational expenses, which she did not do. While the generic term "support" is broader than just educational expenses, it is clear that section 513(a)(2) limits to educational expenses the support to a nonminor child. See *Waller*, 339 Ill. App. 3d at 748. In *Waller*, the Illinois Department of Public Aid sought to modify the respondent's child support payments to require him to continue paying child support beyond the child's eighteenth birthday to the child's expected date of graduation. *Waller*, 339 Ill. App. 3d at 745. The Department's position was that the trial court had authority to extend, beyond emancipation, child support granted pursuant to section 505 of the Act (750 ILCS 5/505 (West 2002)). *Waller*, 339 Ill. App. 3d at 748. The appellate court disagreed that section 505 support could extend past emancipation and held that "[i]f the child has attained majority, the trial court must turn to section 513 when deciding whether to award support for that 'nonminor child.' " *Waller*, 339 Ill. App. 3d at 748. In our case, there is no question that the type of support petitioner requested was section 505 support. The original trial judge entered an order for support that included a percentage of any bonuses. It was under this original support order, as modified after Heather's emancipation, that petitioner sought payment from respondent as a result of his receipt of the severance package. Petitioner asked for 20% of the value of everything respondent received. This 20% was calculated according to the section

505 guidelines. These guidelines are inapplicable to determining educational expenses. *In re Marriage of Hillebrand*, 258 Ill. App. 3d 835, 840 (1994).

Because we determine that petitioner was not entitled to section 505 support after Brian's eighteenth birthday, we conclude that the trial court acted correctly in denying the remainder of petitioner's motion to compel payment of child support. Accordingly, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and GROMETER, JJ., concur.