# Illinois Official Reports

## Appellate Court

---

**Pekin Insurance Co. v. AAA-1 Masonry & Tuckpointing, Inc.**, 2017 IL App (1st) 160200

---

| | |
|---|---|
| Appellate Court Caption | PEKIN INSURANCE COMPANY Plaintiff-Appellant, v. AAA-1 MASONRY & TUCKPOINTING, INC., and EMIL PIEKUTOWSKI, Defendants (Scottsdale Insurance Company, Intervenor-Appellee). |
| District & No. | First District, Fifth Division<br>Docket No. 1-16-0200 |
| Filed | May 19, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-1303; the Hon. Moshe Jacobius, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Robert Marc Chemers and Richard M. Burgland, of Pretzel & Stouffer Chtrd., of Chicago, for appellant.<br><br>Jonathan L. Schwartz and Colin B. Willmott, of Goldberg Segalla, of Chicago, for appellee. |
| Panel | JUSTICE HALL delivered the judgment of the court with opinion.<br>Presiding Justice Gordon and Justice Lampkin concurred in the judgment and opinion. |

**OPINION**

¶ 1    This appeal arises out of an insurance coverage dispute involving a personal injury action (Underlying Suit) filed on September 16, 2013, by Emil Piekutowski against defendants AAA-1 Masonry & Tuckpointing, Inc. (AAA), Chicago Scaffolding, Inc. (CSI), Lakeshore Land Ventures LLC, Hilco Management, Inc., and Hilco Realty Management, Inc. Piekutowski v. AAA-1 Masonry & Tuckpointing, No. 13-L-10341 (Cir. Ct. Cook Co.). Plaintiff, Pekin Insurance Company (Pekin) filed its initial declaratory action against AAA seeking a declaration that it owed no duty to defend AAA in the Underlying Suit. Subsequently, intervenor, Scottsdale Insurance Company (Scottsdale), intervened in the declaratory action and filed a counterclaim seeking a declaration from the circuit court that (1) Pekin has a duty to defend AAA in the Underlying Suit pursuant to the policy entered into between Pekin and its named insured Alpha 1 Construction Inc. (Alpha), whereby AAA was named an additional insured and (2) that Pekin owed Scottsdale reimbursement for costs incurred defending AAA. The parties submitted cross-motions for summary judgment, and the circuit court entered judgment in favor of Scottsdale on both counts on December 22, 2015. On January 21, 2016, the circuit court granted Pekin's motion for a finding pursuant to Rule 304(a) of the Illinois Supreme Court Rules (Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)). As a result, Pekin filed its timely notice of appeal on January 21, 2016.

¶ 2                                          BACKGROUND
¶ 3                                       A. The Pekin Policy
¶ 4    AAA and Alpha entered into an agreement for construction services and labor on August 6, 2007 (Subcontract). In the Subcontract, Alpha agreed to name AAA as an additional insured on its commercial general liability insurance policy. The Subcontract stated that Alpha was an independent contractor of AAA and that Alpha was to maintain full control over its respective crews, employees, assistants, helpers, and workers. The Subcontract further provided that the work was to be performed solely by Alpha and not by AAA.

¶ 5    Pekin issued a policy of insurance to Alpha as named insured for the effective policy period of June 1, 2012, to June 1, 2013. The policy contained an "additional insured" endorsement, which provided that an additional insured was "any person or organization for whom you are performing operations, when you and such person or organization have agreed in a written contract effective during the policy period *** that you must add that person or organization as an additional insured on a policy of liability insurance." The endorsement further provided that additional insureds were covered "only with respect to vicarious liability for 'bodily injury' or 'property damage' imputed from [the named insured] to the Additional Insured as a proximate result of your ongoing operations performed for that Additional Insured during the Policy Period." The endorsement specifically excluded liability "arising out of or in any way attributable to the claimed negligence or statutory violation of the Additional Insured, other than vicarious liability which is imputed to the Additional Insured solely by virtue of the acts or omissions of the Named Insured."

## B. Piekutowski Complaint

In the Underlying Suit, Alpha is not named as a defendant; however, Piekutowski alleges that on September 20, 2011, prior to and at the time of his injury, the defendants "individually and by and through agents, servants and employees," owned and/or were in charge of the construction of a building located at 2930 North Commonwealth Avenue in Chicago. On that date, Alpha and AAA were operating under the Subcontract regarding the construction, and Piekutowski was employed by Alpha and performing work at the construction site when he fell from a scaffold and sustained permanent injuries.

Piekutowski alleged that defendants, individually and through agents, servants and employees, "participated in coordinating work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work," and were responsible for complying with standards promulgated by the Occupational Safety and Health Administration (OSHA). The complaint further alleges that defendants had the authority to stop the work, refuse the work and materials, and order changes in the work in the event the work was being performed in a dangerous manner or for any other reason. Piekutowski goes on to allege numerous "careless and negligent acts and/or omissions" on the part of the named defendants of which he claims one or more was a proximate cause of his injuries.

## C. CSI Third-Party Complaint

On September 18, 2014, CSI filed a third-party complaint against Alpha seeking contribution. CSI alleged that AAA "rented equipment, including a swing stage and supporting equipment from [CSI]," and that Piekutowski was using the swing stage and supporting equipment in furtherance of his work when he was injured. The CSI complaint goes on to allege a number of negligent acts or omissions on the part of Alpha, that Alpha had a duty to Piekutowski to supervise and provide a safe work environment, that Alpha was responsible for the work being performed pursuant to OSHA standards, and that "the alleged damages suffered by [Piekutowski] were directly and proximately caused by the negligent and careless acts of [Alpha]."

## D. Pekin Declaratory Judgment Action

On August 17, 2012, Scottsdale, AAA's general liability insurance provider, tendered AAA's defense of the Underlying Suit to Pekin pursuant to the terms of the Pekin policy; that same day, Scottsdale also tendered CSI's defense to Pekin on behalf of CSI. XL Insurance Company is CSI's general liability insurance provider and it tendered CSI's defense to Scottsdale. Scottsdale maintained the position that it had no duty to defend CSI in the Underlying Suit.[1]

On November 7, 2012, Pekin rejected Scottsdale's tender of AAA's defense on the grounds that it did not believe its duty to defend AAA was triggered where AAA was not sued for damages stemming from Alpha's acts or omissions. On January 23, 2014, Pekin filed its

---

[1]The matter of Scottsdale's duty to defend CSI was the subject of a separate declaratory action in federal court where the district court held that Scottsdale did in fact have a duty to defend CSI in the Underlying Suit. *Scottsdale Insurance Co. v. Chicago Scaffolding, Inc.*, No. 14 C 4268, 2015 WL 4751136 (N.D. Ill. Aug. 11, 2015), *appeal dismissed*, No. 15-2975 (7th Cir. Apr. 26, 2016).

complaint for declaratory judgment against AAA and Piekutowski, seeking a declaration that Pekin had no duty to defend AAA in the Underlying Suit. Pekin alleged, *inter alia*, that it had no duty to defend AAA as an additional insured because Piekutowski sued AAA for its own negligence and the additional insured endorsement specifically excludes coverage for the negligence of the additional insured.

¶ 14     On May 23, 2014, AAA filed its answer and cross-complaint for declaratory judgment, seeking a declaration that Pekin had a duty to defend AAA in the Underlying Suit. On July 11, 2014, Scottsdale moved to intervene, and on August 5, 2014, the circuit court granted Scottsdale's motion and ordered Scottsdale to file *instanter* its answer and counterclaim for declaratory judgment.

¶ 15     In its counterclaim, Scottsdale alleged that it had undertaken AAA's defense in the Underlying Suit and sought declarations (1) that Pekin had a duty to defend AAA, (2) that Pekin has a duty to indemnify AAA, (3) that the Pekin policy is primary and noncontributory, and (4) that Scottsdale was entitled to reimbursement of defense costs and expenses in connection with providing AAA a defense in the Underlying Suit.

¶ 16     On July 26, 2015, Scottsdale filed its motion for summary judgment which included the following attached to it: CSI's third party complaint for contribution, CSI's answers to interrogatories from the Underlying Suit, the Subcontract, and a note from the Pekin claim file dated September 11, 2012. The note stated that:

> "Alpha loaded masonry bricks mortar and an I beam on the swing stage scaffolding and began raising it from ground level to the 6th floor. While the scaffolding was in transit to the top level of the building the scaffolding allegedly shifted and apparently caused an I beam support rail to come loose and fall forward striking the lefthand/foratm [sic]."

¶ 17     On July 28, 2015, Pekin filed a cross-motion for summary judgment. On December 22, 2015, after hearing oral argument, the circuit court granted Scottsdale's motion for summary judgment and denied Pekin's cross-motion. The circuit court found that AAA was entitled to a defense from Pekin because the facts pleaded in Piekutowski's complaint, taken together with the facts in CSI's third-party complaint, created the potential that AAA could be found liable based on Alpha's negligent acts or omissions. In response, Pekin timely appealed that judgment.

¶ 18                                    ANALYSIS

¶ 19     The dispositive issue on appeal is whether Pekin's duty to defend AAA as an additional insured was triggered. Pekin maintains that the circuit court erred when it determined that it had a duty to defend AAA on the grounds that the allegations contained in CSI's third-party complaint and Piekutowski's complaint raised the potential that liability could be imputed to AAA solely from negligent acts or omissions by Alpha. Even assuming *arguendo* that CSI's third-party complaint was considered in error, we find that other true but unpleaded facts are sufficiently present in the instant case to affirm the circuit court's judgment.

¶ 20                              A. Standard of Review

¶ 21     On appeal, a reviewing court may affirm the trial court's ruling for any reason supported by the record regardless of the basis relied upon by the trial court. *In re Marriage of Loomis*, 348

Ill. App. 3d 972, 974 (2004) (citing *Scassifero v. Glaser*, 333 Ill. App. 3d 846, 860 (2002)). The instant case involves the circuit court's ruling on cross-motions for summary judgment. Summary judgment is appropriate where the pleadings, depositions, and admissions on file, together with any affidavits and exhibits, when viewed in the light most favorable to the nonmoving party, indicate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Pekin Insurance Co. v. United Contractors Midwest, Inc.*, 2013 IL App (3d) 120803, ¶ 22. We review cases involving summary judgment *de novo*. *Id.*

¶ 22                                                    B. Discussion

¶ 23        It is well established that, in a declaratory judgment action such as the case at bar, where the issue is whether the insurer has a contractual duty to defend pursuant to an insurance policy, a court ordinarily looks first to the allegations in the underlying complaint and compares those allegations to the relevant provisions of the insurance policy. *Id.* ¶ 21. An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the underlying complaint that the allegations fail to state facts that bring the case within, or potentially within, the policy's coverage. *Id.* Therefore, if the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage, the insurer's duty to defend arises. *Id.* " 'The insurer's duty to defend is much broader than its duty to indemnify its insured.' " *American Economy Insurance Co. v. DePaul University*, 383 Ill. App. 3d 172, 178 (2008) (quoting *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 393-94 (1993)). The threshold for pleading a duty to defend is low, and any doubt with regard to such duty is to be resolved in favor of the insured. *United Services Automobile Ass'n v. Dare*, 357 Ill. App. 3d 955, 963 (2005). "[I]nsurance policies are to be liberally construed in favor of coverage, and where an ambiguity exists in the insurance contract, it will be resolved in favor of the insured and against the insurer." *Id.* at 963-64. "Provisions in an insurance policy that limit or exclude coverage are also construed liberally in favor of the insured and against the insurer." *Id.* at 964.

¶ 24        Although a court ordinarily begins its analysis by examining the underlying complaint, a court is not limited to the allegations in the complaint in determining whether an insurer has a duty to defend. *Pekin Insurance Co. v. Pulte Home Corp.*, 404 Ill. App. 3d 336, 340 (2010). The Illinois Supreme Court declined to "limit the source of an insurer's duty to defend 'solely' to the content of the underlying complaint in all cases." *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 458 (2010). Under certain circumstances, it is proper for the court to examine evidence beyond that contained in the underlying complaint to determine the insurer's duty to defend. *Id.* at 462. One such circumstance is where the insurer possesses knowledge of true but unpleaded facts that, when taken together with the allegations in the complaint, indicate that the claim is within or potentially within the policy coverage. *Shriver Insurance Agency v. Utica Mutual Insurance Co.*, 323 Ill. App. 3d 243, 247 (2001) (citing *Indiana Insurance Co. v. Hydra Corp.*, 245 Ill. App. 3d 926, 929 (1993)). The only time such evidence should not be permitted is when it tends to determine an issue crucial to the determination of the underlying lawsuit. *Fidelity & Casualty Co. of New York v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301, 305 (1983).

¶ 25        In the present case, Scottsdale contends that the true but unpleaded facts doctrine allows full consideration of Pekin's claim note and that, when taken together with the allegations in

the underlying complaint, they trigger Pekin's duty to defend AAA. Pekin contends that the claim note does not trigger its duty to defend because the note does not state or suggest that Alpha was negligent. We find Pekin's argument unpersuasive. The question this court must answer is not whether the note taken by itself states or suggests that Alpha was negligent but whether the note, when taken together with the allegations in the underlying complaint, indicates that the claim is within or potentially within the policy coverage. See *Shriver*, 323 Ill. App. 3d at 247.

¶ 26    Alpha's insurance policy names AAA as an additional insured and covers circumstances where vicarious liability for bodily injury or property damage is imputed from Alpha to AAA solely by virtue of Alpha's acts or omissions. The Subcontract between Alpha and AAA states that Alpha, rather than AAA, was solely responsible for performing the work at the construction site, and the parties agreed Alpha was to maintain full control over its respective crews, employees, assistants, helpers, and workers. The parties do not dispute that Piekutowski was employed by Alpha at the time of his injury. According to Pekin, it was informed that "(1) Alpha loaded bricks, mortar and an I-beam onto a swing stage scaffolding; (2) Alpha raised the swing stage scaffolding from ground level; (3) and that during transit, the scaffolding shifted, causing an I-beam to come loose and fall forward, striking the left hand/forearm of Piekutowski." Piekutowski's complaint alleged that his injuries were proximately caused by careless or negligent acts, which included in pertinent part: failing to safely place or operate scaffolding, failing to adequately secure the scaffolding, and allowing the scaffolding to be inadequately secured. Piekutowski raised his allegations solely against the named defendants; however, when read in conjunction with Pekin's claim note and the terms of the Subcontract, they create the possibility that AAA could be found liable for Piekutowski's injuries based on Alpha's careless or negligent operation of the swing stage scaffolding.

¶ 27    On appeal, Pekin attempts to distinguish the reviewing court's decision in *American Economy Insurance Co. v. DePaul University*, 383 Ill. App. 3d 172 (2008), from the instant case; however, we find the rationale utilized in that case to be instructive. In *American Economy*, Caroline Cogtella filed a lawsuit against defendants DePaul University (DePaul), L&L Engineers, and Holabird & Root (H&R), alleging that she suffered bodily injury due to her exposure to the fluorescent lighting selected and installed in DePaul's Goldblatt building. *Id.* at 173. Subsequently, DePaul tendered its defense of Cogtella's complaint to plaintiff American Economy Insurance Company (American Economy) because American Economy was the insurer of Metrick Electric Company (Metrick). *Id.* Metrick was the electrical subcontractor that was hired to install the lighting at the Goldblatt building, and DePaul was a named additional insured on Metrick's insurance policy. *Id.* American Economy denied coverage and filed a declaratory judgment action as to its duty to defend in the Cogtella litigation. The circuit court, in considering cross-motions for summary judgment, held that American Economy had an obligation to defend DePaul in the Cogtella litigation. *Id.* On appeal, the reviewing court applied the same rationale utilized in the related declaratory judgment action American Economy had against H&R by reiterating " 'that in addition to the third-party complaint, true but unpleaded facts should have alerted American Economy to the possibility that the Cogtella complaint against H&R was potentially within the coverage of Metrick's policy.' " *Id.* at 181 (quoting *American Economy Insurance Co. v. Holabird & Root*, 382 Ill. App. 3d 1017, 1034 (2008)). The reviewing court came to this conclusion after reviewing Cogtella's complaint together with the terms of Metrick's subcontract. *Id.* at 182.

The subcontract provided that Metrick was responsible for the construction of the complete operating electrical system. *Id.* The Cogtella complaint against DePaul alleged that she was injured because of the selection and installation of fluorescent lighting without UV diffusers. *Id.* The reviewing court found that American Economy knew Metrick installed the fluorescent lighting because American Economy represented Metrick in the underlying litigation. *Id.* Consequently, the reviewing court affirmed the circuit court and found the allegations in the complaint, taken together with the true but unpleaded facts contained in the record, were sufficient to trigger American Economy's duty to defend. *Id.*

¶ 28    In the present case, the Subcontract states that Alpha, rather than AAA, is solely responsible for the work at the construction site. Piekutowski's complaint alleges, *inter alia*, that he was injured by careless or negligent acts relating to the operation of the swing stage scaffolding. Furthermore, the claim note, taken from Pekin's claim file and dated September 11, 2012, states that Piekutowski was injured during Alpha's operation of the swing stage scaffolding. Therefore, prior to November 7, 2012, when Pekin rejected Scottsdale's tender of AAA's defense, Pekin should have been alerted that Piekutowski's complaint against AAA was potentially within the coverage of Alpha's policy. See *La Rotunda v. Royal Globe Insurance Co.*, 87 Ill. App. 3d 446, 452 (1980) (finding the results of the insurance company's own investigation may be considered as unpleaded facts known to the insurer, which indicate that the claim was potentially within the policy's coverage). " 'To hold otherwise would allow the insurer to construct a formal fortress of the third party's pleadings and to retreat behind its walls, thereby successfully ignoring true but unpleaded facts within its knowledge that require it, under the insurance policy, to conduct the putative insured's defense.' " *Id.* (quoting *Associated Indemnity Co. v. Insurance Co. of North America*, 68 Ill. App. 3d 807, 816-17 (1979)).

¶ 29    Based on the foregoing facts, we find that the allegations in Piekutowski's complaint, when taken with the facts in Pekin's claim note and the terms of the Subcontract, raise the possibility that liability could be imputed to AAA as a result of Alpha's operation of the scaffolding swing stage; therefore, Pekin's duty to defend AAA under the additional insured endorsement was triggered. We also note that consideration of these true but unpleaded facts does not determine any issue crucial to the Underlying Suit. Accordingly, we find the circuit court properly held that Pekin has a duty to defend AAA, and we affirm the decision of the circuit court of Cook County.

¶ 30    Affirmed.