# Illinois Official Reports

## Appellate Court

---

### *In re Marriage of Peck*, 2019 IL App (2d) 180598

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF LISA R. PECK, Petitioner-Appellant, and ROBERT A. PECK, Respondent-Appellee. |
| District & No. | Second District<br>Docket No. 2-18-0598 |
| Filed | April 16, 2019 |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 09-DV-128; the Hon. Mark R. Facchini, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Charles Aaron Silverman, of Charles Aaron Silverman P.C., and Jonathan Lubin, both of Skokie, for appellant.<br><br>Michael T. Wurster, of Zanck, Coen, Wright & Saladin, P.C., of Crystal Lake, for appellee. |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion.<br>Justices Zenoff and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1        The marriage of petitioner, Lisa R. Peck, and respondent, Robert A. Peck, was dissolved in 2011. In 2018, petitioner filed a petition to revive the dissolution judgment under section 2-1602 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1602 (West 2016)). Respondent filed a motion to dismiss under section 2-615 of the Code (*id.* § 2-615), which the trial court granted. Petitioner now appeals, arguing that her petition to revive was not subject to dismissal under section 2-615 and that, even if it were, dismissal was not warranted. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        The parties' marriage was dissolved on May 12, 2011. Paragraph H of the dissolution judgment addressed the allocation of certain property, located at 11538 Smith Drive in Huntley (property), as follows:

> "[Respondent] has discharged any obligation he has as to the debt on the property. Both parties are entitled to any equitable interest in the property. [Respondent's] parents, who appear to be obligors on the note and mortgage on the premises, have been paying on the note, mortgage and obligations on the premises since about June, 2010. [Respondent] shall have sole right to the premises subject to his discharge in bankruptcy and the note, mortgage and other obligations thereon. Any personal property in that premises shall be his."

¶ 4        On June 1, 2011, petitioner filed a motion for reconsideration, asking the trial court to divide the equitable interest in the property.

¶ 5        On June 30, 2011, following a hearing, the trial court modified paragraph H of the judgment to add the following:

> "The equitable interest on [the property] is divided 50-50 between the parties, subject to repayment of any loans on the premises and subject to any existing guarantees for which actual payment has actually been made."

¶ 6        On June 1, 2018, petitioner filed a petition to revive the modified judgment under section 2-1602 of the Code (*id.* § 2-1602). Petitioner asserted that "[a]s of May 25, 2018, [petitioner's] equitable interest in [the property] is still due and owing under the Judgment. In addition, post judgment interest has accrued thereon at an annual rate of 9%."

¶ 7        Respondent moved to dismiss the petition, under section 2-615 of the Code (*id.* § 2-615), arguing that petitioner failed to state a cause of action for revival under section 2-1602. Respondent argued that section 2-1602 required that " 'the petition shall include a statement as to the original date and amount of the judgment.' " See *id.* § 2-1602(b). Thus, according to respondent, because the trial court's order, awarding the parties equal shares of the equitable interest in the property, did not provide an amount owed from one party to the other as a debt or obligation, it could not be revived under section 2-1602.

¶ 8        Petitioner argued in reply that, because a petition under section 2-1602 is not a pleading, it is not subject to dismissal under section 2-615. In addition, petitioner argued that her petition complied with section 2-1602, as "50% of the [property]" is "a discernible amount." Petitioner argued alternatively that, if the petition was not proper under section 2-1602, the trial court should treat it as a motion to enforce the judgment.

¶ 9        On June 28, 2018, following a hearing,[1] the trial court dismissed the petition "pursuant to 2-615."

¶ 10        Petitioner timely appealed.

¶ 11                                II. ANALYSIS

¶ 12        Petitioner argues that the trial court erred in dismissing the petition because a petition to revive a judgment is not a pleading and, thus, is not subject to dismissal under section 2-615 of the Code (*id.* § 2-615). Petitioner argues further that, even if the petition was subject to dismissal under section 2-615, petitioner's failure to state a specific judgment amount did not warrant dismissal. In response, respondent argues that, even if section 2-615 is inapplicable, the trial court's property allocation is not subject to revival under section 2-1602 of the Code (*id.* § 2-1602). We agree with respondent.

¶ 13        First, we note that we need not consider petitioner's first argument because the issue here is whether the petition to revive sets out a basis for revival. If it does not, then we may affirm the trial court's judgment regardless of whether the judgment technically should be considered the dismissal of a pleading or the denial of a motion. See *In re Marriage of Loomis*, 348 Ill. App. 3d 972, 974 (2004) (a reviewing court may affirm the trial court's ruling for any reason supported by the record regardless of the basis relied upon by the trial court).

¶ 14        We now consider whether plaintiff's petition established a right to revival, or more specifically, whether the trial court's order, awarding the parties equal shares of the equitable interest in the property, falls under the provisions of section 2-1602. This requires us to interpret the statute. We review questions of statutory interpretation *de novo*. *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 144 (2006). The fundamental rule of statutory interpretation is to ascertain and effectuate the intent of the legislature. *Id.* The plain language of a statute remains the best indication of the legislature's intent. *Id.* When the statutory language is clear, it must be given effect without resort to other aids of interpretation. *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 429 (2005).

¶ 15        Section 2-1602 of the Code (735 ILCS 5/2-1602 (West 2016)) provides as follows:

        "(a) A judgment may be revived by filing a petition to revive the judgment in the seventh year after its entry, or in the seventh year after its last revival, or in the twentieth year after its entry, or at any other time within 20 years after its entry if the judgment becomes dormant and by serving the petition and entering a court order for revival as provided in the following subsections. The provisions of this amendatory Act of the 96th General Assembly are declarative of existing law.

        (b) A petition to revive a judgment shall be filed in the original case in which the judgment was entered. The petition shall include a statement as to the original date and amount of the judgment, court costs expended, accrued interest, and credits to the judgment, if any.

        (c) Service of notice of the petition to revive a judgment shall be made in accordance with Supreme Court Rule 106.

        (d) An order reviving a judgment shall be for the original amount of the judgment. The plaintiff may recover interest and court costs from the date of the original

───────────────

[1]The record does not contain a transcript of the proceedings.

judgment. Credits to the judgment shall be reflected by the plaintiff in supplemental proceedings or execution.

(e) If a judgment debtor has filed for protection under the United States Bankruptcy Code and failed to successfully adjudicate and remove a lien filed by a judgment creditor, then the judgment may be revived only as to the property to which a lien attached before the filing of the bankruptcy action.

(f) A judgment may be revived as to fewer than all judgment debtors, and such order for revival of judgment shall be final, appealable, and enforceable.

(g) This Section does not apply to a child support judgment or to a judgment recovered in an action for damages for an injury described in Section 13-214.1, which need not be revived as provided in this Section and which may be enforced at any time as provided in Section 12-108.

(h) If a judgment becomes dormant during the pendency of an enforcement proceeding against wages under Part 14 of this Article or under Article XII, the enforcement may continue to conclusion without revival of the underlying judgment so long as the enforcement is done under court supervision and includes a wage deduction order or turn over order and is against an employer, garnishee, or other third party respondent."

¶ 16    As indicated by section 2-1601 of the Code, section 2-1602 is the statutory replacement for "*[s]cire facias*." See *id.* § 2-1601. *Scire facias* was "[a] judicial writ directing a debtor to appear and show cause why a dormant judgment against him should not be revived." Black's Law Dictionary 1346 (6th ed. 1990). Similarly, section 2-1602 refers throughout to a judgment in a particular amount against a judgment debtor. See 735 ILCS 5/2-1602(b) (West 2016) ("amount of the judgment"); *id.* § 2-1602(d) ("original amount of the judgment"); *id.* § 2-1602(e) ("judgment debtor"); *id.* § 2-1602(f) ("judgment debtors"). Indeed, section 2-1602(b) expressly provides that "[t]he petition shall include a statement as to the original date *and amount* of the judgment, court costs expended, accrued interest, and credits to the judgment, if any." (Emphasis added.) *Id.* § 2-1602(b). Thus, the plain language of the statute makes clear that the purpose of section 2-1602 is to revive a specific *judgment debt* owed by the *judgment debtor* to the petitioner. See, *e.g.*, *Department of Public Aid ex rel. McGinnis v. McGinnis*, 268 Ill. App. 3d 123 (1994) (allowing revival of a judgment that awarded party $6100 in support).

¶ 17    We therefore interpret section 2-1602 as applying only to money judgments against judgment debtors. Here, as respondent points out, petitioner did not include an amount of the judgment and accrued interest. The reason for this omission is obvious: petitioner is seeking to revive a judgment that does not impose a debt on a judgment debtor but rather declares only an allocation of property between the parties.[2] Petitioner does not cite a single case that applies section 2-1602 to any judgment other than a money judgment against a judgment debtor.

¶ 18    Accordingly, we hold that the trial court's division of the equitable interest in the property, without more, is not a judgment subject to the provisions of section 2-1602 of the Code. To the extent that the interest assigned to petitioner even requires revival, any such revival is not

_____

[2]Indeed, although petitioner sought interest accrued "at an annual rate of 9%," she asserted that the interest had accrued not on any judgment debt owed by respondent but on her half of the "equitable interest" awarded by the trial court.

available under section 2-1602. Along those lines, respondent unequivocally conceded at oral argument that the dissolution judgment remains enforceable after seven years. Respondent thus concedes that revival is not required here.

¶ 19                            III. CONCLUSION

¶ 20        For the reasons stated, we affirm the judgment of the circuit court of McHenry County dismissing petitioner's petition for revival of judgment.

¶ 21        Affirmed.