2019 IL App (1st) 181716

Opinion filed: August 16, 2019

First District
Fifth Division

No. 1-18-1716

| | | |
|---|---|---|
| *In re* ESTATE OF KENNETH G. PIGOTT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Deceased | ) | Cook County. |
| _____ | ) | |
| | ) | |
| (Christine Brown, Ann Durham, Amy Pot, | ) | |
| John Pigott, Steven Pigott, and Katherine | ) | |
| Pigott, Each Individually and as Heirs of Kenneth | ) | |
| G. Pigott, | ) | |
| | ) | |
| Petitioners-Appellants, | ) | No. 15 P 1902 |
| | ) | |
| v. | ) | |
| | ) | |
| Jane DiRenzo Pigott and David Ramon, | ) | |
| as Independent Co-Executors of the Estate of Kenneth | ) | |
| G. Pigott, Deceased, and Co-Trustees of the Kenneth | ) | |
| G. Pigott Trust Under Agreement Dated December 22, | ) | |
| 1989, as Amended, | ) | Honorable |
| | ) | Karen L. O'Malley, |
| Respondents-Appellees). | ) | Judge, presiding. |

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court, with opinion. Justices Hoffman and Lampkin concurred in the judgment and opinion.

**OPINION**

¶ 1     Petitioners, Christine Brown, Ann Durham, Amy Pot, John Pigott, Steven Pigott, and Katherine Pigott, each individually as an heir of Kenneth G. Pigott (Kenneth), appeal the circuit court's order dismissing their claims against Kenneth's estate under sections 12-108 and 2-1602

of the Code of Civil Procedure (Code) (735 ILCS 5/12-108, 2-1602 (West 2016)). We reverse

and remand for further proceedings.[1]

¶ 2    For ease of analysis, we begin by setting forth the sections of the Code relevant to this

appeal.

¶ 3    Section 12-108(a):

"Except as herein provided, no judgment shall be enforced after the expiration of 7 years

from the time the same is rendered, except upon the revival of the same by a proceeding

provided by Section 2-1601 of this Act ***." *Id.* § 12-108(a).

¶ 4    Section 2-1601:

"Scire facias abolished. Any relief which heretofore might have been obtained by scire

facias may be had by employing a petition filed in the case in which the original

judgment was entered in accordance with Section 2-1602." *Id.* § 2-1601.

¶ 5    Section 2-1602:

"(a) A judgment may be revived by filing a petition to revive the judgment in the

seventh year after its entry, or in the seventh year after its last revival, or in the twentieth

year after its entry, or at any other time within 20 years after its entry if the judgment

becomes dormant ***. ***

(b) A petition to revive a judgment shall be filed in the original case in which the

judgment was entered. The petition shall include a statement as to the original date and

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

amount of the judgment, court costs expended, accrued interest, and credits to the judgment, if any.

*** 

(d) An order reviving a judgment shall be for the original amount of the judgment. The plaintiff may recover interest and court costs from the date of the original judgment." *Id.* § 2-1602.

¶ 6                                    I. BACKGROUND

¶ 7     Kenneth and Donna Pigott were married on June 1, 1963. Petitioners are the six children born during their marriage. Kenneth and Donna separated in 1976 and Donna subsequently filed a petition for dissolution of marriage in the circuit court of Cook County. On April 8, 1982, Kenneth and Donna entered into a marital settlement agreement (agreement), which was incorporated into and made a part of the divorce judgment. Section 10(a) provided that "Kenneth agrees to execute and keep in full force and effect during his life a valid will which provides that he will give and bequeath at least 50% of his net estate to the six children of the parties in equal shares, and their descendants, *per stirpes*." Section 10(b) also applied the same requirement to Donna. Section 10(c) provided the following remedy if either Kenneth or Donna failed to adhere to the agreement:

> "In the event KENNETH or DONNA fails to make a will as provided aforesaid, then the children of the parties, or any of them, shall have a provable, liquidated claim, lien and charge against the estate of KENNETH and DONNA for such amount as a child would have received had such deceased party made a will as hereinabove required."

¶ 8     On December 22, 1989, Kenneth established the Kenneth G. Pigott Trust. Kenneth subsequently married Jane DiRenzo Pigott, and they had one child, Shelby Pigott. By November

2014, Kenneth was suffering from a precancerous bone marrow disorder. On November 13, 2014, three months before his death, Kenneth executed a new will and restated trust.

¶ 9      Kenneth died on February 13, 2015. Kenneth's estate was opened on March 26, 2015, and on April 14, 2015, his will was admitted to probate. On October 16, 2015, petitioners filed identical claims against Kenneth's estate, asserting that, contrary to section 10(a) of the marital settlement agreement, Kenneth's will provided petitioners with less than 50% of his net estate. Each petitioner asserted a claim for $^1/_6$ of 50% of Kenneth's net estate.

¶ 10     On April 2, 2018, Jane Pigott and David Ramon (hereinafter respondents), as independent co-executors of Kenneth's estate and co-trustees of his trust, filed a motion under section 2-619(a)(9) of the Code (*id.* § 2-619(a)(9)) to dismiss petitioners' claims against the estate under section 12-108 and section 2-1602 of the Code. Respondents argued that petitioners' claims against Kenneth's estate were an attempt to enforce the terms of section 10(a) of the marital settlement agreement incorporated into the divorce judgment entered over 35 years ago in 1982, which required Kenneth to make a will bequeathing at least 50% of his net estate to petitioners. Respondents contended that under sections 12-108 and 2-1602 of the Code, section 10(a) of the agreement became dormant after 7 years and was required to be revived within 20 years of its rendering in order to be enforceable. Since petitioners had failed to revive section 10(a) within the 20-year time limit, respondents argued that section 10(a) was no longer enforceable. See *First National Bank in Toledo v. Adkins*, 272 Ill. App. 3d 111, 116 (1995) (a " 'judgment may be revived so long as the revival action is initiated within 20 years from the date judgment was originally rendered.' " (quoting *First National Bank of Marengo v. Loffelmacher*, 236 Ill. App. 3d 690, 695 (1992))); *Burman v. Snyder*, 2014 IL App (1st) 130772,

¶ 13 (in the absence of a timely filed petition to revive, a judgment is no longer enforceable after the 20 years has elapsed).

¶ 11 The circuit court agreed with respondents and granted their section 2-619(a)(9) motion to dismiss. Petitioners appeal.

¶ 12 II. ANALYSIS

¶ 13 A motion for involuntary dismissal under section 2-619(a)(9) of the Code admits the legal sufficiency of the complaint and all well-pleaded facts and reasonable inferences therefrom and asserts an affirmative matter outside the complaint that bars or defeats the cause of action. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 31. Our review is *de novo*. *Id.*

¶ 14 Petitioners argue on appeal that section 10(a) of the marital settlement agreement, which requires Kenneth to make a will bequeathing at least 50% of his net estate to petitioners, is not subject to the revival provisions of sections 12-108 and 2-1602, and therefore remains enforceable because it is not a money judgment. In support, petitioners cite the recent case *In re Marriage of Peck*, 2019 IL App (2d) 180598.

¶ 15 In *Peck*, the parties' marriage was dissolved on May 12, 2011. *Id.* ¶ 3. Paragraph H of the dissolution judgment addressed the allocation of certain property located at 11538 Smith Drive, providing that " '[b]oth parties are entitled to any equitable interest in the property.' " *Id.* The wife filed a motion for reconsideration, and on June 30, 2011, the trial court modified paragraph H to provide that the equitable interest on the property is divided 50-50 between them. *Id.* ¶¶ 4-5. On June 1, 2018, the wife filed a petition under section 2-1602 to revive the modified judgment. *Id.* ¶ 6. The husband filed a motion to dismiss, arguing that the trial court's order could not be revived under section 2-1602 because it only awarded the parties equal shares of the equitable

interest in the property and did not provide an amount owed from one party to another as a debt or obligation. *Id.* ¶ 7. The trial court granted the dismissal motion, and the wife appealed. *Id.* ¶¶ 9-10.

¶ 16　On review, in considering section 2-1602, the appellate court noted that the fundamental rule of statutory construction is to effectuate the legislative intent and that the best indicator thereof is the plain language of the statute. *Id.* ¶ 14. In considering the language of the statute, the appellate court noted that section 2-1602 refers throughout to a judgment in a particular amount against a judgment debtor. *Id.* ¶ 16 (citing 735 ILCS 5/2-1602(b), (d), (e), (f) (West 2016) ("amount of the judgment," "original amount of the judgment," "judgment debtor," "judgment debtors")). Also, the plain language of section 2-1602(b) expressly provides that the revival petition shall include " 'a statement as to the original date *and amount* of the judgment, court costs expended, accrued interest, and credits to the judgment, if any.' " (Emphasis in original.) *Id.* (quoting 735 ILCS 5/2-1602(b) (West 2016)). The appellate court concluded that "the plain language of the statute makes clear that the purpose of section 2-1602 is to revive a specific *judgment debt* owed by the *judgment debtor* to the petitioner." (Emphases in original.) *Id.* The appellate court therefore interpreted section 2-1602 "as applying only to money judgments against judgment debtors" (*id.* ¶ 17) and found that the trial court's division of the equitable interest in the property was not a judgment subject to the provisions of section 2-1602 (*id.* ¶ 18). We agree with *Peck*'s analysis, as section 2-1602's provision that a revival petition "shall include" the date and amount of the judgment—plus any court costs, interest, and credits— reflects a clear legislative intent that a revival petition only applies to money judgments against judgment debtors.

¶ 17    Although *Peck* did not specifically address section 12-108, this court has held that section 12-108 is to be read *in pari materia* with section 2-1602, as they each address the subjects of enforcement and revival of judgments, and thus must be considered with reference to one another so that they may be given harmonious effect. *Golden v. Puccinelli*, 2016 IL App (1st) 150921, ¶ 24. Section 12-108 provides that "no judgment" shall be enforced after seven years unless timely revived as provided by section 2-1601, which in turn provides that revival petitions must accord with section 2-1602. Section 2-1602 only applies to the revival of money judgments against judgment debtors. *Peck*, 2019 IL App (2d) 180598, ¶ 17. Reading section 12-108 *in pari materia* with section 2-1602, we hold that section 12-108's statement that "no judgment" shall be enforced after seven years unless timely revived, refers only to money judgments against judgment debtors.

¶ 18    In the present case, section 10(a) of the marital settlement agreement, which was incorporated into the divorce judgment, did not award petitioners any money judgment against Kenneth, but rather it required Kenneth to make a will bequeathing them 50% of his net estate valued at his death. Section 10(c) provided that if Kenneth failed to make such a will, petitioners could bring claims against his estate. As no money judgment was ever entered against Kenneth on a claim against him, he was not a judgment debtor to petitioners under sections 10(a) or 10(c). See Black's Law Dictionary (11th ed. 2019) (defining a judgment debtor as "[a] person against whom a money judgment has been entered but not yet satisfied"). As sections 10(a) and 10(c) were not money judgments against Kenneth, they were not subject to the revival provisions of either section 12-108 or section 2-1602. Therefore, sections 10(a) and 10(c) of the agreement remained in full force and effect at the time of Kenneth's death.

¶ 19    Additionally, *People ex rel. Illinois State Dental Society v. Norris*, 79 Ill. App. 3d 890 (1979), supports our conclusion that sections 10(a) and 10(c) of the agreement are not subject to the revival provisions of sections 12-108 and 2-1602 and remain enforceable. In *Norris*, the plaintiffs filed a petition for a rule to show cause why the defendant should not be found in contempt of court for having violated a permanent injunction that enjoined him from practicing dentistry. *Id.* at 891. The trial court found defendant guilty of contempt. *Id.* On appeal, defendant argued that the underlying injunction had lapsed because plaintiffs failed to timely file a revival action. *Id.* at 895. This court rejected defendant's argument and affirmed the trial court, holding that

> "[a]n injunction remains in full force and effect until it has been vacated or modified by the court which granted it or until the order or decree awarding it has been set aside on appeal. [Citation.] Such a decree or order must be obeyed, even if erroneous, until it is overturned or modified by orderly processes of review." *Id.*

Defendant never appealed the injunctive order or otherwise sought to have the injunction vacated or modified, and therefore, it remained valid. *Id.* at 896. The absence of a revival action did not affect the continuing validity and enforceability of the injunctive order. See *id.* at 895-96. *Norris*'s holding is consistent with *Peck*, which held that only money judgments are subject to the revival provisions.

¶ 20    Thus, under *Norris*, an injunctive order remains enforceable after 20 years, even in the absence of a revival action, until it is set aside on appeal or otherwise vacated or modified by the court that granted it. *Id.* In the present case, we conclude that section 10(a) of the marital settlement agreement incorporated into the divorce judgment, which required Kenneth to make a will bequeathing at least 50% of his net estate to petitioners, was a mandatory injunction and not

a money judgment. See *Continental Cablevision of Cook County, Inc. v. Miller*, 238 Ill. App. 3d 774, 789 (1992) (a mandatory injunction is one that commands the performance of a positive act). No appeal was taken from the injunctive order set forth in section 10(a), nor was any order entered that vacated or modified it. Therefore, it remained in full force and effect after 20 years, even in the absence of a revival action.

¶ 21 Respondents argue, though, that we should not construe section 10(a) as an injunctive order falling outside the purview of sections 12-108 and 2-1602 because section 10(c) provides for monetary, not injunctive, relief for a violation of section 10(a)'s requirement that Kenneth make a will bequeathing at least 50% of his net estate to petitioners. We disagree. Section 10(a) is clearly a mandatory injunction, and not a money judgment, as it requires Kenneth to perform a positive act, *i.e.*, to make a will bequeathing at least 50% of his net estate to petitioners. The monetary relief provided for in section 10(c)—specifically, the liquidated claim against Kenneth's estate for the amount of monies the child would have received had Kenneth made the will bequeathing the required amount—recognizes that enforcement of section 10(a) will necessarily occur *after* Kenneth's death, when injunctive relief against him personally would not be available. The after-death remedy provided for in section 10(c) in no way changes the fact that section 10(a) was a mandatory injunction requiring Kenneth, during his lifetime, to make the requisite will bequeathing at least 50% of his net estate to petitioners. As section 10(a) was not set aside on appeal or otherwise vacated or modified, it remained in full force and effect until the time of Kenneth's death.

¶ 22 Upon discovering that Kenneth's will did not comply with section 10(a)'s requirement that he bequeath them at least 50% of his net estate, petitioners brought their claims against Kenneth's estate on October 16, 2015, pursuant to section 10(c), which expressly provided

petitioners with a "provable, liquidated claim, lien and charge" against Kenneth's estate "for such amount as a child would have received" had Kenneth "made a will as hereinabove required." Petitioners' claims against Kenneth's estate were brought within two years of his death as required by section 18-12(b) of the Probate Act of 1975 (755 ILCS 5/18-12(b) (West 2016)) (providing that claims against the estate of a decedent are "barred 2 years after decedent's death")) and were not untimely. Accordingly, we reverse the circuit court's order dismissing petitioners' claims against Kenneth's estate and remand for further proceedings.

¶ 23                                    III. CONCLUSION

¶ 24     As a result of our disposition of this case, we need not address the other arguments on appeal.

¶ 25     Reversed and remanded.